# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>        Plaintiff,<br><br>   v.<br><br>HORN, *et al.*,<br><br>        Defendants. | Case No.  1:26-cv-02366-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff James Carl Kelly ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on March 16, 2026, together with a motion to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)  The action was transferred to this Court on March 27, 2026.  (ECF No. 6.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007).  In the complaint, Plaintiff alleges that on February 7, 2026, he was let out of D-Facility for pill call.  Upon arriving at the clinic window, Plaintiff gave the male nurse his identification card, which he had scanned.  While the nurse was getting Plaintiff's injection and other heart-related medication, another male nurse, who was in the middle booth inside the D-Facility clinic, got involved.  This got Plaintiff to say "why every time you get involved with my medication it's a problem with me receiving it."  (ECF No. 1 at 3.)  After Plaintiff said that, the male nurse blew a kiss at Plaintiff.  Plaintiff then said he would write him up for that.  Plaintiff then turned to an officer outside the door to the D-Facility clinic and stated "how do I file a complaint of that 'nurse.'"  (*Id.*)  Plaintiff then requested the outside cameras and inside clinic cameras to be shown.  Plaintiff further alleges that since arriving on D-Facility on October 8, 2025, he has been having trouble getting his medication when that nurse works.  Plaintiff has filed on him before concerning his medication, which is very important because his is a blood thinner.  Plaintiff contends that ever since he filed complaints and habeas corpus concerning how he should get his medication, it has been retaliation.  (*Id.*)

Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed.  The incident occurred on February 7, 2026, and there are no allegations in the complaint indicating that Plaintiff failed to receive his medication.  Although Plaintiff claims sexual harassment by the nurse, and complains that the nurse was rude and impolite, (*see* ECF No. 1 at 7), Plaintiff does not allege that he is in any imminent danger of serious physical injury that is related to the incident raised in the complaint.

Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C.

---

[1] The Court takes judicial notice of the following United States District Court cases:  (1) *Kelly v. Gyorkey*, Case No. 2:11-cv-02142-WBS-EFB (E.D. Cal.) (dismissed on August 6, 2012 for failure to prosecute and failure to state a claim); (2) *Kelly v. Elit*, Case No. 1:18-cv-00019-DAD-SAB (E.D. Cal.) (dismissed on June 25, 2018 for failure to state a claim); (3) *Kelly v. Sao*, No. 1:18-cv-00484-DAD-EPG (E.D. Cal.) (dismissed on October 16, 2018 for failure to state a claim).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

§ 1915(g), and Plaintiff must pay the $405.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 31, 2026**            /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE

3