UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY, | No. 1:26-cv-02366 KES BAM (PC) |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DIRECTING PLAINTIFF TO PAY THE FILING FEE IN FULL |
| v. | |
| HORN, et al., | |
| Defendant. | Docs. 2, 9 |

James Carl Kelly is a state prisoner and seeks to proceed in forma pauperis in this civil rights action. Doc. 2. On March 31, 2026, the magistrate judge issued findings and recommendations, recommending that plaintiff's motion to proceed in forma pauperis be denied because petitioner had three strikes under 28 U.S.C. § 1915(g). Doc. 9. The magistrate judge found the complaint failed to allege that plaintiff was in "imminent danger" of serious physical injury at the time the complaint was filed and therefore did not satisfy the imminent danger exception to the three strikes provision of 28 U.S.C. § 1915(g). *Id.* at 2–3. The findings and recommendations were served on plaintiff and notified him that any objections were due within fourteen (14) days. *Id.* at 3. Plaintiff filed objections on April 16, 2026. Doc. 11.

1

In accordance with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of the case.  Plaintiff argues that he does not have three qualifying strikes.  *Id.* at 1.  But plaintiff does not indicate which of his cases fails to qualify as a strike under Section 1915(g).  Plaintiff has at least three qualifying strikes:

1. *Kelly v. Youngblood*, No. 2:04-cv-2462-WBS-DAD (E.D. Cal. Dec. 29, 2004) (dismissed for failure to exhaust administrative remedies clear from the face of complaint);[1]

2. *Kelly v. Gyorkey*, No. 2:11-cv-02142-WBS-EFB (E.D. Cal. Aug. 6, 2012) (dismissed for failure to prosecute and failure to state a claim); and

3. *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB (E.D. Cal. June 25, 2018) (dismissed for failure to state a claim).

The findings and recommendations correctly reasoned that the complaint failed to allege that plaintiff was in imminent danger at the time the complaint was filed.  Plaintiff claims that he is a person who falls under the Prison Rape Elimination Act and when he reported the incident on February 7, 2026, no one responded, and he had to stop going to the medication line.  Doc. 11 at 1–2.  But the record does not demonstrate that petitioner was in imminent danger at the time he filed this action.

Accordingly,

1. The findings and recommendations issued on March 31, 2026, Doc. 9, are adopted as set forth above;

2. Plaintiff's motion to proceed in forma pauperis, Doc. 2, is denied; and

///

///

///

///

---

[1] *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1044 (9th Cir. 2016) (dismissal for failure to exhaust administrative remedies can count as a strike under § 1915(g) if the failure to exhaust is clear from the face of the complaint); *Kelly v. Elit*, No. 1:18-cv-00019-DAD-SAB, 2018 WL 1905667, at *2 (E.D. Cal. Apr. 23, 2018) (finding that dismissal of *Kelly v. Youngblood* counted as a strike because the failure to exhaust was apparent on the face of the complaint).

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall pay the $405.00 filing fee in full to proceed with this action. If plaintiff fails to pay the filing fee within the specified time, this action will be dismissed without further notice.

IT IS SO ORDERED.

Dated:    April 30, 2026

UNITED STATES DISTRICT JUDGE

3