**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES CARL KELLY, | No. 1:26-cv-02366 KES BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE |
| v. | |
| HORN, *et al.*, | Doc. 13 |
| Defendants. | |

James Carl Kelly asserts he suffered violations of his civil rights while incarcerated at Kern Valley State Prison. *See generally* Doc. 1. On April 30, 2026, the Court ordered Kelly to pay the filing fee within thirty (30) days. Doc. 13. The Court warned Kelly that failure to pay the required filing fee as ordered would result in dismissal. *Id.* at 3. The deadline expired, and Kelly did not pay the filing fee. Without such payment, the action cannot proceed before the Court. *See Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022).

In finding dismissal appropriate, the Court considered the factors identified by the Ninth Circuit, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of

1

dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Because Kelly delayed the action through his failure to obey the Court's order to pay the filing fee, the third factor also supports dismissal. Finally, the Court's warning that the matter would be dismissed if he failed to pay the filing fee satisfies the requirement of considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. The *Henderson* factors weigh in favor of dismissal for Kelly's failure to pay the filing fee as ordered. *Malone v. U.S. Postal Service*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (explaining that although "the public policy favoring disposition of cases on their merits … it is not sufficient to outweigh the other four factors")

The Court ORDERS:

1.      Plaintiff's complaint is DISMISSED without prejudice.

2.      The Clerk of Court is directed to terminate the pending motion and close this case.

IT IS SO ORDERED.

Dated:     June 9, 2026

_____
UNITED STATES DISTRICT JUDGE

2